***********
Upon review of the record, including the pleadings from the Industrial Commission file, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the record and pleadings, affirms and adopts the Deputy Commissioner's Decision and Order, with some modifications, and enters the following Decision and Order.
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff alleges that Defendant, through the actions of its personnel, has suppressed his written grievances. Defendant filed a Motion to Dismiss and moved to dismiss Plaintiff's claim because, among other grounds, he alleged intentional conduct on the part of Defendant's employees and agents. Defendant also seeks a "gatekeeper" order barring Plaintiff *Page 2 
from filing any further tort claim(s) absent a certification from a member in good standing of the North Carolina State Bar that such claim is not frivolous.
2. It is very difficult, if not impossible, to comprehend Plaintiff's Affidavit in this claim. The Affidavit appears to be riddled with hearsay and unrelated allegations. However, in his testimony at the motions hearing, Plaintiff stated that the basis of this claim is that officials at Tillery Correctional Center pointedly ignored his written grievance and retaliated against him for filing it.
3. Plaintiff alleged that he filed a grievance over the alleged fraternization of two correctional officers at Tillery.
4. Plaintiff further alleged that this grievance was "trashed and gotten rid of" and that he was shipped away from Tillery in retaliation for filing it.
5. Plaintiff further alleged that Tillery officials routinely suppressed his grievances and that there was a "conspiracy and cover-up" to do so.
6. In this claim, based on his testimony at the motions hearing, Plaintiff is clearly alleging intentional conduct on the parts of the Tillery officials.
7. Plaintiff's claim is frivolous.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. The Industrial Commission does not have jurisdiction over claims arising from intentional acts. Therefore, this claim must be dismissed. N.C. Gen. Stat. § 143-291(a); Guthrie v. State PortsAuthority, 307 N.C. 522, 299 S.E.2d 618 (1983). *Page 3 
2. Further, this claim is frivolous and should be dismissed on that ground as well. N.C. Gen. Stat. § 1-110.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim in I.C. No. TA-21418 is hereby DISMISSED WITH PREJUDICE.
2. No costs are assessed, as Plaintiff filed this claim in formapauperis.
This the 16th day of August, 2010.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
S/___________________ STACI T. MEYER COMMISSIONER
S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1